IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT P. HOWARD, #198806 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-14-929 |
| KATHLEEN S. GREENE, WARDEN | * | |
| GARY MAYCOCK, S.C. | | |
| LT. MATTHEW MITCHELL | * | |
| CO II D. TYLER | | |
| SERGEANT BARKLEY | * | |
| GREGG HERSHBERGER | | |
| HEARING OFFICER DAVID SIPES | * | |
| Defendants. | | |

*****

MEMORANDUM

## I. BACKGROUND

This 42 U.S.C. § 1983 action was filed on March 25, 2014. Plaintiff alleges that he attempted to file a prison administrative remedy procedure ("ARP") grievance against Sergeant Barkley and Correctional Officer Tyler for denying him a meal and locking him in his cell. He complains that Barkley refused to sign the first ARP and give him a receipt. He also claims that Barkley refused to sign a second ARP, forcing him to send a third ARP directly to Security Chief Maycock and Warden Green, which was never responded to by prison personnel. ECF No. 1.

Plaintiff alleges that in retaliation for his filing an ARP, Lieutenant Mitchell forged a threatening letter to Barkley and pretended that it was written by plaintiff. He complains that Adjustment Hearing Officer Sipes allowed the fabricated writing to be entered into evidence and used against him. Plaintiff states that he was found guilty of the infraction and sanctioned with 75 days of segregation and the loss of 75 days good conduct time ("GCT"). ECF No. 1 at Attachments.

On June 9, 2014, defendants filed a motion to dismiss or for summary judgment which has been treated as a motion for summary judgment. ECF No. 11. Plaintiff has filed an opposition response. ECF No. 14. The undersigned has examined the record and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, defendants' dispositive motion will be granted.

## II. LEGAL STANDARD

Rule 56(a) of the federal Rules of Civil Procedure provides that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial."

*Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**III. ANALYSIS**

According to the declaration of Sergeant Michelle Switalski, on January 27, 2014, Security Chief Maycock received a note from plaintiff concerning an ARP he had filed and a request "of a new method of filing" the ARP. ECF No. 11, Ex. 1 at Switalski Decl. She further affirms that on February 11, 2014, plaintiff was assigned to administrative segregation and issued an infraction citing him with violating Rule 100 (engaging in a disruptive act); Rule 104 (use of intimidating, coercive, or threatening language); and Rule 405 (demonstrating disrespect or use of vulgar language) as a result of an investigation conducted by Lieutenant Matthew Mitchell. *Id.* Mitchell attests that in January of 2014, plaintiff handed him an ARP which alleged that he had been denied a bag lunch on January 8, 2014. *Id.*, Ex. 2 at Mitchell Decl. Mitchell maintains that as the ARP was addressed and handled informally by Sergeant Barkley, he did not formally file the ARP, "as instructed by ARP protocols." Plaintiff, dissatisfied that his ARP had not been filed, submitted a complaint to Security Chief Maycock regarding the failure to process his ARP. In February of 2014, Mitchell met with plaintiff and addressed his complaints regarding the bag lunch and informed plaintiff that there was no need to file another ARP because the earlier ARP had been informally resolved. *Id.*

On February 11, 2014, Mitchell received an anonymous note, threatening Sergeant Barkley with physical harm, in his institutional mail box. In addition to this anonymous note was a complaint against Barkley filed by plaintiff. *Id.* Mitchell attests that the writing on both the note and complaint was similar and after conducting an investigation (review of plaintiff's request slips in his base file), he found the handwriting on the notes, slips, and complaint comparable to each other. Plaintiff was issued a notice of rule infraction for violating Rules 100,

104, and 405. ECF No. 11, Ex. 2 at Mitchell Decl. On March 12, 2014, an adjustment hearing was held by video conference before Independent Hearing Officer David Sipes. Plaintiff was found not guilty of violating Rule 100, but was found guilty of violating Rules 104 and 405 for the use of intimidating, coercive, or threatening behavior and demonstrating disrespect or the use of vulgar language. He was sanctioned with 75 days of segregation and the loss of 75 GCT. He filed this complaint soon after and, according to Inmate Grievance Office ("IGO") Executive Director Scott Oakley, plaintiff did not file a grievance with the IGO regarding the adjustment matter at issue here. *Id.*, Ex. 3 at Oakley Decl.

In his opposition, plaintiff reiterates his claims that personnel failed to process his ARPs and he was falsely cited with an infraction in reprisal for filing his grievances. ECF No. 14. He claims that he was "thwarted" and "fatally incapacitated" from filing ARPs when they were intentionally destroyed or not processed by prison employees and administrators. *Id.*

## IV. DISCUSSION

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S.

81, 90-91 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the inmate. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003); *see also Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Plaintiff did not file a grievance with the IGO. He claims that he was impeded from filing an ARP as his first three grievances were not processed. Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, or if they otherwise act to prevent a prisoner from exhausting his administrative remedies. *See Moore v. Bennett*, 517 F.3d 717, 725 (4th Cir. 2008); *see also* Gary Proctor, *Ngo Excuses: Proving, Rebutting, and Excusing Failure to Exhaust Administrative Remedies in Prisoner Suits after Woodford v. Ngo and Jones v. Bock*, 31 Hamline L. Rev. 471, 487–89 (2008). To be sure, if prison officials impede a prisoner's attempts to exhaust by denying that inmate the proper forms, by failing to educate the inmate on the grievance process, or by failing to respond to a proper grievance, a prisoner may

be excused from exhaustion requirements. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). Thus, a court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner "through no fault of his own, was prevented from availing himself of" the remedy. *Id.* The burden of showing that administrative remedies were unavailable lies with the plaintiff. *See, e.g., Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) (unpublished) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure." (citing *Moore,* 517 F.3d at 725)).

In light of factual information presented to the court, it is open to question as to whether plaintiff's attempts to file grievances were impeded by prison personnel. However, even if exhaustion requirements were excused and the court were to look at the merits of plaintiff's claims, it would find no constitutional violations.

Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of GCT, he is entitled to certain due process protections. These include (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have

non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U. S. at 564-571. A prisoner has no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5.

The court finds that the disciplinary process associated with plaintiff's institutional charges met the aforementioned minimum due process procedural requirements. He received advanced written notice of the charges, was advised of his rights, was permitted to have representation, and received formal notice of the hearing.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary officer's factual findings, a federal court will not review their accuracy.[1] Plaintiff's allegation, that the

---

[1] The role of the district court is not to afford a *de novo* review of the DHO's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials. Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.

disciplinary hearing decision was based on false evidence, does not state a due process claim. In *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), the Second Circuit concluded that with regard to alleged falsified evidence, due process is satisfied where an inmate is afforded the opportunity to confront and challenge the alleged perjured testimony offered in the reports. *Id.* at 953. At no point does plaintiff state that he was unable to raise such a claim before the Hearing Officer.

Given the materials presented to the court, it is clear that Plaintiff was provided all the due process to which he was entitled. The proceedings before this court are not a retrial of the incidents and the undersigned finds that the decision was based upon "some evidence." (These constitute "some" facts upon which the Hearing Officer was entitled to rely in finding plaintiff guilty of the Rule 104 and 405 violations.)

Insofar as plaintiff claims that the disciplinary charge and punishment occurred in retaliation for his filing ARPs, the court finds that plaintiff has failed to prove the required elements of a constitutional claim of retaliation. While retaliation against an inmate for the exercise of a constitutional right states a claim, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), petitioner "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision...." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). To state a claim for retaliation, petitioner must demonstrate (1) the invocation of a constitutional right; (2) the intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. *See Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). A prisoner has no constitutional entitlement to participate in a prison grievance process. *See*

*Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). A constitutional claim of retaliation is not supported on this record.

For the aforementioned reasons, the court concludes that plaintiff's disciplinary hearing process comported with due process and retaliation has not been demonstrated. Summary judgment shall be entered on behalf of defendants.[2]

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING defendants' motion for summary judgment (ECF No. 11) and ENTERING judgment in favor of defendants and against plaintiff.

Date: January 23, 2015.

James K. Bredar
United States District Judge

---

[2] On October 3, 2014, the court received a letter from plaintiff complaining that he had been threatened by gang members because of this lawsuit. ECF No. 15 at Attachment. He sought court assistance in moving out of the Eastern Correctional Institution ("ECI"). That same day, the court issued a letter to counsel for defendants to take necessary steps to insure plaintiff's safety. *Id.* On October 16, 2014, the court received a letter from plaintiff acknowledging that he had been interviewed by prison staff, but that this did little to "extract me from the present situation." ECF No. 18. He continues to seek a transfer out of ECI. As plaintiff has failed to show that he will be subject to immediate and irreparable harm, his emergency request shall be denied. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds and remanded*, 559 U.S. 1089 (2010), *reaff'd in part and remanded*, 607 F.3d 355 (4th Cir. 2010).

9